UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MARCELLA LAWSON and TIMOTHY LAWSON,** | ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| vs. | ) CAUSE NO. 1:10-cv-753-JMS-DKL <br> ) |
| **QINGDAO TAIFA GROUP CO., LTD.,** *et al.*, | ) <br> ) <br> ) |
| **Defendants.** | ) |

**ENTRY**

*Tricam's Motion to Quash* **[dkt. 106]**
*Tricam's Motion for Continuance and Stay* **[dkt. 110]**
*Plaintiffs' Motion to Strike* **[dkt. 114]**
*Plaintiffs' Motion to Serve Jurisdictional Discovery* **[dkt. 117]**

In April 2012, Plaintiffs and defendant Tricam Industries, Inc. executed a *Release of All Claims* [dkt. 108-1] ("*Release*") which settled the claims and defenses between them in this Cause. The *Release* provides, in part:

> 1. **Marcella Lawson and Timothy Lawson** agree to dismiss, with prejudice, all claims that were, or could have been, asserted against the Defendants in [this Cause] and further agree never to bring any further lawsuit or other claim, demand or action against the Defendants as a result of any personal injury, property damage, loss of use, loss of services, loss of consortium, loss of income or any other claims, lien or damage that may have been sustained as a result of, or is in any way connected with, [the October 3, 2009 accident] wherein **Marcella Lawson** alleges she was injured ("the Incident").
>
> *   *   *
>
> 6. **Marcella Lawson and Timothy Lawson** expressly release any and all rights of action, claims, or demands which they have, or anyone claiming by or through them has or may have against any and all persons or entities of the Defendants as a result of or arising out of the Incident.

A year later, in April 2013, the Court entered a *Final Judgment* [dkt. 100] against defaulted defendant Qingdao Taifa Group Co., Ltd., and in favor of plaintiffs Marcella Lawson and Timothy Lawson in the amounts of $1,793,123.95 and $200,000, respectively. In July 2013, the Court issued a *Notice of Garnishment Proceedings* [dkt. 102] to eleven garnishee defendants, including Tricam, ordering them to **(1)** place a ninety-day hold on any accounts in which judgment defendant Qingdao Taifa has an interest, **(2)** answer under oath attached interrogatories regarding monies owed, owing, or to be owed to Qingdao Taifa, and **(3)** present any claim or defense to the proceedings supplemental or garnishment order at the hearing scheduled for September 18, 2013.

Tricam contests the garnishment and the proceedings supplemental. It filed a motion to quash the *Notice of Garnishment Proceedings* as to it on the grounds that the *Release* bars any garnishment or execution proceedings against it and the Court lacked personal jurisdiction over Qingdao Taifa to issue the underlying *Final Judgment*. [Dkt. 106.] It also moved to continue the September 18, 2013 hearing and to stay its deadline to answer the interrogatories until after the Court rules on its motion to quash. [Dkt. 110.] Plaintiffs moved to strike certain of Tricam's supporting affidavits, [dkt. 114], and asked for leave to serve jurisdictional discovery on Tricam, [dkt. 117]. Oral arguments on the motions were heard at the September 18, 2013 hearing.

Tricam argues that Plaintiffs' efforts to collect their judgment against Qingdao Taifa by executing on monies held by Tricam constitute claims, demands, or actions against Taifa

2

as a result of injuries and losses connected to the Incident and, thus, violate the terms of the *Release*. Plaintiffs contend that the "clear intent" of the *Release* was only to release claims, demands, or actions *against* Tricam based on Tricam's *liability* and, because Plaintiffs seek only monies belonging or owed to Qingdao Taifa, the garnishment order and proceedings supplemental are not against Tricam, do not seek any of its money or assets, and do not seek to impose liability on Tricam. Tricam argues that the terms of the *Release* are both clear and broad and that Plaintiffs' petition for the garnishment order is both a claim and a demand because it asserts a right to funds held by Tricam and an order compelling it to pay money to Plaintiffs.

Neither side cited, and the Court did not discover, Indiana or federal case law that is on-point. Neither party presented evidence of its understanding, at the time of execution, of the effect of the *Release* on Tricam's susceptibility to judgment execution against Qingdao Taifa's monies in its possession. It is a close question. Plaintiffs' first agreement in the *Release* is that they would dismiss all claims that were or could have been asserted against Tricam in the lawsuit. *Release* ¶¶ 1 and 6. The Court agrees with Judge Pratt's construction that such "could have been alleged" language refers to only claims that are supported by the factual allegations of the operative complaint but were not pursued. *Cook, Inc. v. Endologix, Inc.*, No. 1:09-cv-1248-TWP-DKL, *Entry on Summary Judgment Issue of Contractual Estoppel*, 2012 WL 2682749, *7, 2012 U.S. Dist. LEXIS 93734, *21 (S.D. Ind., July 6, 2012). Plaintiffs' action to execute on Qingdao Taifa's monies held by Tricam does not

arise out of, is not supported by, and is not dependent on the allegations of the complaint; instead, it is based on the *Final Judgment*. Plaintiffs need not show or prove the facts alleged in the complaint but need only to show the judgment.

The second pertinent agreement by Plaintiffs in the *Release* is that they would never bring **(1)** any further lawsuit or other claim, demand, or action against Tricam, **(2)** as a result of any personal injury, property damage, loss of use, loss of services, loss of consortium, loss of income, or any other claims, lien, or damage, **(3)** that may have been sustained as a result of, or is in any way connected with, the October 2009 Incident. *Release* ¶ 6. The Court concludes that the more reasonable, common-sense interpretation of this language is that it bars only claims, demands, or actions that assert Tricam's liability for its own direct or vicarious liability and that seek a recovery from Tricam. It does not apply to Plaintiffs' attempts to collect on a judgment by executing against money or property held by, but not belonging to, Tricam. There was no such claim asserted by Plaintiffs in their complaint that the parties reasonably would have been expected to settle by way of the *Release*. Thus, the Court concludes that the proceedings supplemental and garnishment order against Tricam are not barred by the *Release*.

Tricam's primary argument, however, is that these proceedings supplemental are barred — not just as to it but as to all current and future garnishee defendants — because the Court lacked personal jurisdiction over Qingdao Taifa to issue the underlying judgment because Qingdao Taifa lacked the required minimum contacts with Indiana. It devoted

4

most of its briefing and argument to the law and facts of personal jurisdiction as they relate to Qingdao Taifa, but they are not Tricam's arguments to make. Because personal jurisdiction, unlike subject-matter jurisdiction, is a personal right that can be waived or forfeited, *Burger King v. Rudzewicz*, 471 U.S. 462, 472 n. 14 (1985); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982); *Association vo Battery Recyclers, Inc. v. E.P.A.*, 716 F.3d 667, 677 n. 5 (D.C. Cir. 2013), a party does not have standing to assert another party's objections to personal jurisdiction, *see In re Athanasios III, L.L.C.*, No. 2:11CV994 DAK, *Memorandum Decision and Order*, 2013 WL 786445, *5 (D. Utah, March 1, 2013); *AF Holdings, L.L.C. v. Does 1-1,058*, 286 F.R.D. 39, 57 (D. D.C. 2012); *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229-30 (E.D. Penn. 2012); *Lown Companies, L.L.C. v. Piggy Paint, L.L.C.*, No. 1:11-cv-911, *Memorandum Opinion*, 2012 WL 782671,*2 (W.D. Mich., March 9, 2012).[1]

A court acquires personal jurisdiction over a defendant when it has been duly served with process or has voluntarily appeared, *see Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010); Fed. R. Civ. P. 4(k)(1), and the Court has found in this Cause that Qingdao Taifa was properly served, *Order* [dkt. 96]. In addition, a plaintiff is not required to plead facts supporting personal jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773,

---

[1] In arguing at the hearing that it has standing to challenge the sufficiency of Qingdao Taifa's contacts with Indiana because the lack of subject-matter jurisdiction may be raised by any party (or the court *sua sponte*) at any time, Tricam was simply confusing the doctrines of subject-matter and personal jurisdiction.

781-82 (7th Cir. 2003);[2] *AF Holdings, L.L.C. v. Does 1-1,058*, 286 F.R.D. 39, 56-57 (D. D.C. 2012) ("For purposes of Rule 8, 'jurisdiction' refers to subject matter jurisdiction."); *Hoffa Engineering, L.L.C. v. Craney*, No. 1:06-cv-481-JDT-TAB, *Entry on Motion to Dismiss*, 2007 WL 831820, *3 (S.D. Ind., March 12, 2007). A defendant who believes that the exercise of personal jurisdiction over it would violate Constitutional due-process limits (and who cares to litigate its objections) has two choices: it can appear and quickly challenge personal jurisdiction or it can do nothing, risk default, and collaterally challenge the judgment later on jurisdictional grounds, if and when an attempt is made to collect the judgment against it. *Philos Technologies, Inc. v. Philos & D, Inc.*, 645 F.3d 851, 855-57 (7th Cir. 2011). Unless Qingdao Taifa has waived any personal-jurisdiction objections (which it might have), it has apparently chosen the latter course. Tricam has shown no authority to make these litigation decisions for Qingdao Taifa and it has not shown that it has standing to assert any of Qingdao Taifa's positions in this Cause. Therefore, there is no need to address Tricam's jurisdictional arguments because the Court finds that Tricam lacks standing to assert them.

For the same reasons, the Court denies Plaintiffs' motion to serve jurisdictional discovery on Tricam "in order to determine the true nature of its relationship with Taifa, and to better determine the character and extent of Taifa's knowledge regarding the distribution and sale of its products in Indiana." *Plaintiffs' Motion to Serve Jurisdictional*

---

[2] "We also must keep in mind that the judicial evaluation of personal jurisdiction based on minimum contacts must take place in the construct mandated by the rules of procedure. In the federal courts, the judicial approach to considering a question of personal jurisdiction is well established. '[A] complaint need not include facts alleging personal jurisdiction.'"

*Discovery* [dkt. 117] ¶ 5.  There is no jurisdictional matter pending before the Court that warrants the discovery.

### Summation

*Tricam's Motion to Quash* [dkt. 106] is **DENIED** and *Plaintiffs' Motion to Serve Jurisdictional Discovery* [dkt. 117] is **DENIED**.  Because they are dependent on those two motions, *Tricam's Motion for Continuance and Stay* [dkt. 110] and *Plaintiff's Motion to Strike Certain Portions of Garnishee Defendant Tricam Industries, Inc.'s Affidavits* [dkt. 114] are **DENIED as moot**.

**DONE this date:**  09/19/2013

*[signature]*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.